UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC. and FRED LASSWELL, INC., RED RYDER ENTERPRISES, INC., AND GOLDBOOK LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>TIMOTHY SCHWARTZ; DESIGN TANK, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3:16-cv-00497-BEN-WVG<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT SCHWARTZ'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE;**<br><br>**(2) QUASHING IMPROPER SERVICE ON DEFENDANT SCHWARTZ; and**<br><br>**(3) ORDERING PLAINTIFFS TO EFFECTUATE PROPER SERVICE** |

Defendant Timothy Schwartz has filed a motion to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) or, in the alternative, a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Mot., ECF No. 11.) Plaintiffs have opposed. (Opp'n, ECF No. 12.) For the following reasons, the Court **DENIES** Defendant's motion, **QUASHES** the improper service, and **ORDERS** Plaintiffs to effectuate proper service.

# BACKGROUND

Plaintiffs filed their complaint on February 25, 2016 (ECF No. 1), and their amended complaint on May 19, 2016 (ECF No. 5). The filed proof of service as to the original complaint indicates that Defendant Timothy Schwartz and Defendant Design Tank, Inc. were personally served at 503 N. Fair Street, Onley, Indiana 62450 on May 22, 2016. (ECF Nos. 6, 7.) The filed proof of service as to the amended complaint indicates that Schwartz and Design Tank, Inc. were mailed a copy of the amended summons on May 31, 2016 to the 503 N. Fair Street address. (ECF Nos. 9, 10.)

Schwartz filed his motion to dismiss on July 1, 2016, contending that he has never been served. The 503 N. Fair Street address is actually located in *Olney, Illinois*, and is a vacant property owned by Schwartz's father, John. (Mot., Decl. of John Schwartz ¶ 3.) Moreover, Robert Schwartz, Defendant's brother, was the person ultimately served, and at his home in Brownsburg, Indiana. (Mot., Decl. of Robert Schwartz ¶¶ 2-3.) Timothy Schwartz contends that he was present in Florida at the time of the alleged service, and that he has never had any affiliation with Design Tank, Inc. (Mot. at 5-6, Decl. of Timothy Schwartz ¶¶ 17-19.)

Subsequent to Defendant's motion, Plaintiffs again tried to serve Schwartz "at other possible addresses, including at 5108 W. Longfellow Ave. in Tampa, Florida," which Schwartz identified as his residence in his moving papers. (Suppl. Decl. of Ben Wagner in Support of Opposition to Timothy Schwartz's Motion to Dismiss ¶ 2, ECF No. 15.) A process server attempted to serve Schwartz at his Tampa address on eight occasions in July and August, but no one answered the door. (*Id.* ¶ 3.) On all but one service attempt, a car was parked in the driveway. (*Id.*) The process server then served a paralegal at the office of Schwartz's counsel, Matthew Faust. (*Id.* ¶ 6.) Faust subsequently filed a declaration, objecting to Plaintiffs' service of his office. (Decl. of Matthew Faust, ECF No. 16.) Faust contends that he never communicated to anyone at Plaintiffs' counsel's office that his firm was authorized to accept service on behalf of Schwartz. (*Id.* ¶ 4.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move for dismissal resulting from insufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Federal Rule of Civil Procedure 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4 provides four alternatives for service of individuals. Service is effective pursuant to (1) the law of the state where the district court is located or of the state where service is effected, *see* Fed. R. Civ. P. 4(e)(1); (2) by delivering a copy of the summons and of the complaint to the individual personally, *see* Fed. R. Civ. P. 4(e)(2); (3) by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, *see id.*; or (4) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process, *see id.*

If the plaintiff is unable to satisfy its burden of demonstrating effective service, the Court has discretion to either dismiss or retain the action. If the Court decides not to dismiss, it quashes the ineffective service that has been made on the defendant and provides the plaintiff the opportunity to serve the defendant again effectively. *See Stevens v. Security Pacific Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976).

**DISCUSSION**

Plaintiffs concede that they did not properly serve Timothy Schwartz in May. (Opp'n at 4.) However, they contend that service has been successfully completed as of August 5, 2016 "[i]n light of Schwartz's evasion of service at the address he indicated in his own moving papers, and personal service on his attorney and agent." (Suppl. Decl. of Wagner ¶ 8.) This Court disagrees.

As an initial matter, Plaintiffs have not briefed the issue of evasion of service, and the Court will not hold that Schwartz has evaded service without proper briefing. Moreover, although Plaintiffs did try to serve Schwartz multiple times, the mere fact that

a car was parked in the driveway does not establish that Schwartz is evading service. As to the alleged service on Schwartz's attorney, "[t]he attorney-client relationship by itself is insufficient to convey authority to accept service." *Kruska v. Perverted Justice Foundation, Inc.*, No. CV-08-0054-PHX-SMM, 2009 WL 4041941, at *2 (D. Ariz. 2009) (explaining that the "record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service"). Here, Plaintiffs have failed to demonstrate that Schwartz and his attorney have a relationship that extends beyond a typical attorney-client relationship, and Schwartz's attorney denies that his firm was authorized to accept service of process. *See, e.g.*, *Aviara Parkway Farms, Inc. v. Agropecuaria La Finca*, No. 8-CV-2301-JM-BLM, 2012 WL 1019618, at *1-2 (S.D. Cal. Mar. 23, 2012) (quashing improper service of process on Defendants' attorneys).

It is clear that Schwartz has never been properly served. Furthermore, the 90-day period to serve Schwartz has passed, so service is also untimely. Fed. R. Civ. P. 4(m). Because Plaintiffs have not satisfied their burden of demonstrating proper service, the court has discretion to either dismiss or retain the action. "Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Arasan Chip Sys., Inc. v. Sonix Tech. Co. Ltd.,* No. 509–CV–02172 JF PVT, 2010 WL 890424, at *1 (N.D. Cal. Mar. 8, 2010) (internal quotation omitted).

Here, it appears that effective service can be made. Therefore, the Court will quash service rather than dismiss the action. Plaintiffs are given thirty (30) days from the date of this Order to properly serve Defendant Schwartz again.

Moreover, because Defendant Design Tank, Inc. was also served at the 503 N. Fair Street, Onley, Indiana address and no one has appeared on its behalf, it seems likely that service on Design Tank, Inc. has also been improper and is untimely. Plaintiffs are given thirty (30) days from the date of this Order to properly serve Defendant Design Tank, Inc.

/ / /

## CONCLUSION

Defendant's motion to dismiss is **DENIED.**  The Court **QUASHES** the improper service and **ORDERS** Plaintiffs to effect proper service on both Defendants within thirty (30) days of the signature date of this Order.

**IT IS SO ORDERED.**

Dated:  November 4, 2016

Hon. Roger T. Benitez
United States District Judge